UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN CHARLES HUMPRHEY,

      Defendant-Movant,

v.

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.

_____/

Case No. 1:23-cv-1150

Honorable Paul L. Maloney

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant John Charles Humphrey ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant has also filed a motion for an extension of time to file a § 2255 brief (ECF No. 2), as well as a motion for discovery (ECF No. 15). For the reasons set forth below, Defendant's motions will be denied.

**I.    Background**

On July 30, 2021, Defendant was charged via Criminal Complaint with: (1) conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) use of a communication facility to facilitate drug trafficking offenses, in violation of 21 U.S.C. § 843(b). *See* Crim. Compl., *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 1). Following Defendant's arrest, attorney Anna Rebekah Rapa was appointed to represent him. However, attorney Rapa moved to withdraw as counsel on August 10, 2021, on the basis that she had recently accepted a position as an Attorney Referee with the Oceana County Circuit Court. *See* Mot., *id.* (ECF No. 55). Following a hearing, Magistrate Judge Green

granted the motion. *See* Order, *id.* (ECF No. 68). Attorney LaRissa Dione Hollingsworth was then appointed to represent Defendant.

On September 22, 2021, a grand jury returned an Indictment charging Defendant with: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *id.* (ECF No. 98).

Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to Count One of the Indictment, the conspiracy charge. *See* Plea Agreement, *id.* (ECF No. 251, PageID.1275). The plea agreement set forth that Defendant faced a mandatory minimum sentence of 10 years' incarceration and a maximum term of life. *Id.* (ECF No. 251, PageID.1276). As part of his plea agreement, Defendant "waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution," subject to the following four exceptions. *Id.* (ECF No. 251, PageID.1281). Those exceptions provided that Defendant could appeal or collaterally attack his conviction and sentence on the following grounds: (1) the sentence exceeded the statutory maximum; (2) the sentence was based on an unconstitutional factor; (3) Defendant's guilty plea was involuntary or unknowing; and (4) Defendant's attorney provided ineffective assistance of counsel. *Id.* (ECF No. 251, PageID.1281–1282). Defendant appeared before the undersigned for his change of plea hearing on June 24, 2022.

The parties appeared for Defendant's sentencing on October 11, 2022. The Court sentenced Defendant to 276 months' incarceration, followed by 5 years of supervised release. *See* J., *id.* (ECF No. 324). Defendant did not appeal his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

Defendant filed his § 2255 motion (ECF No. 1) and motion for an extension of time (ECF no. 2) on October 24, 2023. In an order (ECF No. 4) entered on October 31, 2023, the Court directed the government to file a response to the motion. The government subsequently moved for an extension of time as well as an order waiving the attorney-client privilege with respect to Defendant's ineffective assistance of counsel claims. (ECF No. 6.) The Court granted that motion in an order (ECF No. 8) entered on November 8, 2023. Attorney Hollingsworth filed an affidavit (ECF No. 9) addressing Defendant's claims on December 8, 2023. The government filed its response (ECF No. 10) on February 6, 2024. After receiving an extension of time (ECF Nos. 12, 13), Defendant filed his reply (ECF No. 14) on March 25, 2024. He subsequently filed a motion for discovery (ECF No. 15) on March 27, 2024. In an order (ECF No. 18) filed on November 14, 2024, the Court directed attorney Hollingsworth to file a copy of a letter referred to in her affidavit. Attorney Hollingsworth did so on November 15, 2024. (ECF No. 20.)

## II.    Pending Motions

### A.    Motion for Extension of Time

When Defendant filed his § 2255 motion, he also filed a motion for an extension of time to file a brief in support thereof. (ECF No. 2.) Upon review of the record, the Court concludes that a supporting brief is unnecessary. Defendant has set forth his supporting allegations in his § 2255 motion and attached declaration, and he has also filed a reply. Accordingly, Defendant's motion for an extension of time (ECF No. 2) will be denied as unnecessary.

### B.    Motion for Discovery

Defendant has also filed a motion for discovery. (ECF No. 15.) Specifically, he requests an order directing the government to "[p]roduce evidence that the Government received authorization from a designated senior official in the Department of Justice to apply for a court

order authorizing the interception of wiretaps for Target Phone 2 and Target Phone 5." (*Id.*, PageID.122.)

A movant under § 2255 does not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). The Rules Governing § 2255 Proceedings set forth that a district court has the discretion to grant discovery in a § 2255 proceeding only upon a fact-specific showing of good cause. *See* Rule 6, Rules Governing § 2255 Proceedings. Specifically, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." *See id.* A court must provide a period for discovery in a habeas proceeding only "where specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The movant has the burden of showing the materiality of the information sought. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 813–15 (5th Cir. 2000)).

Upon consideration of the record, the Court concludes that Defendant has not demonstrated the need for the discovery he seeks. Specifically, Defendant fails to demonstrate that he would be entitled to relief if he received the information requested. Accordingly, Defendant's motion for discovery (ECF No. 15) will be denied.

## III.    Standards of Review

### A.    Section 2255 Proceedings in General

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### B.    Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

### C.    Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### IV.    Analysis

Defendant raises the following grounds for relief in his § 2255 motion:

I.    Counsel provided ineffective assistance by failing to conduct legal research, failing to thoroughly review wiretaps, and failing to file a motion to suppress the defective application for a wiretap;

II.    Counsel was ineffective for failing to file a motion for reconsideration and/or objection to the Magistrate Judge's order granting the government's motion for an extension of time to indict and failing to file a motion to dismiss the criminal complaint;

III.    Counsel was ineffective for promising and ensuring that Defendant would receive 20 years by accepting the plea agreement, thereby inducing Defendant's guilty plea;

IV.    Counsel was ineffective for failing to file a notice of appeal on Defendant's behalf; and

V.    Counsel provided ineffective assistance at sentencing in numerous ways.

(§ 2255 Mot., ECF No. 1, PageID.4–16.) The government contends that Defendant's claims lack merit. (ECF No. 10.) Because Defendant's claim asserting that counsel failed to file a notice of appeal affects Defendant's appellate rights and whether the remainder of his grounds for relief should be considered, the Court will consider that claim first.

### A.    Ground IV—Failure to File an Appeal

"[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Counsel's performance, however, is not "per se deficient simply because he [or she] does not consult with his client about the benefits and drawbacks of an appeal." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 479). Rather, the Court "must determine whether the attorney should have consulted with his client about an appeal because either (1) 'a rational defendant would want to appeal' or (2) the 'defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). If the Court determines that "the attorney failed to file a notice of appeal either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived 'of the appellate proceeding altogether' if 'there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 483–84).

Although Defendant contends that he asked counsel to file an appeal on his behalf, the record refutes this contention. Attorney LaRissa Hollingsworth has addressed Defendant's assertion in her affidavit. She states:

> Related to Ground Four of Mr. Humphrey's Motion, immediately following Mr. Humphrey's sentencing I met with him to discuss his appeal rights[.] I opined on the viable issues for an appeal and the deadline for filing an appeal. During that

8

> meeting he said he did not want to appeal. Then in a follow up correspondence dated October 17, 2022, I again advised Mr. Humphrey of the same and ended the letter by stating "Please let me know as soon as possible if you want me to file an appeal. **<u>Your Notice of Appeal must be filed no later than Wednesday, October 26, 2022</u>**. Again, I will not file a claim on your behalf unless you tell me to do so." (Emphasis in original). He never advised me to file an appeal. To the contrary he reiterated that he did not want me to file a claim of appeal.

(ECF No. 9, PageID.45, ¶ 12.) The copy of the letter that attorney Hollingsworth has provided to the Court corroborates her statements. (ECF No. 20.)

Defendant has provided no evidence to suggest that he responded to attorney Hollingsworth's letter with a request that she file a notice of appeal on his behalf. In Defendant's declaration, which he attached to his § 2255 motion, Defendant states only that after his sentencing on October 11, 2022, he "expressed disappointment in the lengthy federal sentence [he] received and stated to [counsel] where do we go from here." (ECF No. 1-1, PageID.22, ¶ 4.) Defendant states that counsel "failed to consult with [him regarding] filing a Notice of Appeal, thus, absent her failure to consult with [him], thus, [he] would have instructed her to file a Notice of Appeal on [his] behalf." (*Id.*, PageID.22–23, ¶ 4.)

Defendant's reply is devoid of any response to attorney Hollingsworth's sworn statement that she discussed an appeal with Defendant and that Defendant advised that he did not wish to appeal. Moreover, Defendant wholly fails to respond to attorney Hollingsworth's assertion that she followed up by sending a letter to Defendant. Nowhere does Defendant assert that he ever responded to that letter and requested that attorney Hollingsworth file a notice of appeal on his behalf. Tellingly, Defendant also fails to describe the issues he wished to raise on appeal. The Sixth Circuit has noted that a district court does not commit clear error "by crediting counsel's affidavit, insofar as it indicated that [Defendant] had not asked him to file an appeal." *See Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003); *see also Odom v. United States*,

No. 99-5506, 99-5768, 2000 WL 1175598, at *3 (6th Cir. Aug. 9, 2000) (concluding that the district court did not err by crediting defense counsel's affidavit over defendant's).

The Court finds attorney Hollingsworth's affidavit and letter to be credible because, upon review of the record, the Court does not see any viable, nonfrivolous grounds that Defendant could raise on direct appeal. *See Coleman v. United States*, Nos. 1:05-cv-81, 1:03-cr-231, 2009 WL 1393323, at *10 (E.D. Tenn. May 18, 2009) (crediting defense counsel's affidavit on the basis that there were no viable grounds for appeal). As discussed *infra*, Defendant waived his appellate rights entirely, except with regard to the four areas set forth above. Although Defendant claims that counsel induced him to plead guilty, the Court has rejected that assertion in its discussion *infra*. Furthermore, none of Defendant's other grounds warrant relief. Defendant, therefore, has failed to demonstrate that counsel was ineffective for failing to file a notice of appeal on his behalf. Accordingly, Defendant is not entitled to relief with respect to ground IV.

### B.    Ground III—Ineffective Assistance Regarding Plea

As his third ground for relief, Defendant contends that attorney Hollingsworth rendered ineffective assistance during plea negotiations. (§ 2255 Mot., ECF No. 1, PageID.10.) According to Defendant, counsel promised that Defendant would be sentenced to 20 years if he signed the plea agreement. (*Id.*) Defendant argues that he was induced to accept the plea agreement because of that promise, and was ultimately sentenced to 276 months, "36 months more than promised by his ex-lawyer." (*Id.*) Defendant argues that absent this inducement and coercion, he never would have pleaded guilty, and that his guilty plea is void. (*Id.*)

To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the

defendant must be competent to plead guilty. *See Brady v. United States*, 397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against h[er].'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." (internal quotation marks and citation omitted)). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754

11

(suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Id.* at 58. In the context of guilty pleas, the first prong of *Strickland* remains the same, and the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

In her affidavit, attorney Hollingsworth avers that she "never promised or ensured that Mr. Humphrey would receive 20 years. To the contrary, I told him that the government agreed to *recommend* a sentence of 20 years, which it did at sentencing." (ECF No. 9, PageID.44, ¶ 11.) Attorney Hollingsworth expressed that to Defendant "in at least three letters . . . and in follow up conferences." (*Id.*, PageID.44–45, ¶ 11.) Moreover, Defendant "was advised by [attorney Hollingsworth] and the Court at sentencing that the Court was not obligated to take the recommendation of the government." (*Id.*, PageID.45, ¶ 11.)

Attorney Hollingsworth's statements are corroborated by Defendant's plea agreement and the change of plea colloquy. Defendant's plea agreement set forth that the Court "shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties." *See* Plea Agreement, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 251, PageID.1279). The plea agreement set forth that the Government agreed to "recommend

that Defendant be sentenced to a range of imprisonment between 240 and 300 months of incarceration." *Id.* (ECF No. 251, PageID.1279–1280).

> When Defendant signed his plea agreement, he did so under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*See id.* (ECF No. 251, PageID.1284). Attorney Hollingsworth signed under the following paragraph:

> I am John Charles Humphrey's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Id.*

> Moreover, during the change of plea hearing, Defendant represented that he was satisfied with attorney Hollingsworth's work and representation. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 482, PageID.4184). Defendant confirmed that attorney Hollingsworth had reviewed the plea agreement with him before he signed it and that she answered all of his questions regarding the agreement. *Id.* (ECF No. 482, PageID.4188). Defendant understood that he faced a mandatory minimum of 10 years and a maximum term of life. *Id.* (ECF No. 482, PageID.4189). Defendant further understood that the Court could sentence him within the advisory Sentencing Guidelines range or could depart downward or upward from that range. *Id.* (ECF No. 482, PageID.4190). Defendant denied that there had been "any predictions of what the sentence might be if [he] ple[]d guilty." *Id.* (ECF No. 482, PageID.4193). He also denied that any promises or benefits, other than

those set forth in the agreement, had been made, and that he was pleading guilty "freely and voluntarily." *Id.*

At the end of the change of plea hearing, the Court concluded that Defendant's plea was "freely and voluntarily entered without promises of leniency or benefit, except as stated in the plea agreement." *Id.* (ECF No. 482, PageID.4194). The Court also "[found] no evidence of force or coercion." *Id.*

Here, Defendant "offers no evidence—beyond [his self-serving assertions]—to suggest that his plea was unknowing or involuntary" because of counsel's alleged ineffectiveness. *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'" (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976))). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

In light of the foregoing, Defendant's claim that attorney Hollingsworth was ineffective by promising that he would receive a 20-year sentence if he signed the plea agreement lacks merit. Attorney Hollingsworth carefully reviewed the plea agreement with Defendant and on multiple occasions told him that the government was only recommending, not promising, a 20-year sentence. Accordingly, for the reasons set forth above, Defendant is not entitled to relief with respect to ground III.

### C.     Grounds I and II—Ineffective Assistance Prior to Plea

As his first ground for relief, Defendant contends that attorney Hollingsworth was ineffective for failing to research, review, and file a motion to suppress the "defective application for a wire and electronic communication order and wiretap's fruits." (§ 2255 Mot., ECF No. 1, PageID.4–5 (capitalization corrected).) According to Defendant, the wiretap application was defective with respect to the "necessity requirement," and counsel should have moved to suppress on that basis. (*Id.*, PageID.4.) As his second ground for relief, Defendant faults counsel for not filing a motion for reconsideration and/or objection to the Magistrate Judge's order granting the government's motion for an extension of time to indict and for not filing a motion to dismiss the criminal complaint. (*Id.*, PageID.6–7.)

By pleading guilty, Defendant waived these two claims of ineffective assistance of counsel. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. Accordingly, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). The United States Court of Appeals for the Sixth Circuit has applied this rule to claims of ineffective assistance of counsel that "do not attack the voluntary or intelligent nature of [the] plea by showing that counsel's advice was inadequate, but instead relate to earlier alleged constitutional deprivations." *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (noting that "[a] voluntary guilty plea waives . . . claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"); *United*

*States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (holding that pre-plea ineffective assistance of counsel claims are waived).[1]

As discussed *supra*, the Court has already concluded that Defendant's guilty plea was entered freely, voluntarily, knowingly, and intelligently. Defendant offers no evidence otherwise. Accordingly, Defendant's claims regarding counsel's alleged errors prior to entry of his guilty plea are waived. In any event, Defendant's claims lack merit for the reasons set forth below.

### 1.    Ground I

As his first ground for relief, Defendant contends that the wire and electronic communication order was "defective consistent with the 'necessity requirement' pursuant to 18 U.S.C. [§] 2518(1)(C)." (§ 2255 Mot., ECF No. 1, PageID.4.) He faults attorney Hollingsworth for failing to research this issue and file a "Motion to Set Aside Defective Application for a Wire and Electronic Communication Order and the Wiretap's Fruits Must Be Suppressed." (*Id.*)

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Supreme Court has noted that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must

---

[1] The Court notes that by signing the plea agreement, Defendant agreed that he was waiving his rights to appeal or collaterally attack his convictions, subject to four exceptions. *See* Plea Agreement, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 251, PageID. 1281–1282). One of those exceptions set forth that Defendant could appeal or seek collateral relief to raise claims of ineffective assistance of counsel. *Id.* Nevertheless, the Sixth Circuit has applied *Stiger* to bar claims of errors allegedly committed by counsel prior to entry of a guilty plea even when the defendant's plea agreement allows for appeals and collateral attacks raising claims of ineffective assistance of counsel. *See Criswell v. United States*, No. 21-4236, 2022 WL 2346303, at *1–2 (6th Cir. June 23, 2022).

also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019).

> In her affidavit, attorney Hollingsworth has responded to this claim as follows:
>
> As it relates to Ground One of Mr. Humphrey's Motion, I conducted extensive legal research, review[,] and analysis related to the Wiretaps in his case in contemplation and preparation for a suppression motion. However, prior to filing Mr. Humphrey advised counsel that he wanted to take advantage of the government's plea offer and no longer wanted to pursue a suppression motion.
>
> Correspondence and billing entries corroborate this. For instance, on June 14, 2022, I advised Mr. Hump[h]rey via correspondence and in a follow up Zoom conference that "the government plans to revoke the current plea offer if we file our motion to suppress."
>
> Also motivating Mr. Humphrey's decision to accept the plea agreement and abandon the pursuit of a suppression motion was the lack of strength of the motion and the potential for cooperating testimony as some of his codefendant[s] had already accepted plea agreement with at least one proffering evidence against Mr. Humphrey and agreeing to cooperate with the government in Mr. Humphrey's trial.

(ECF No. 9, PageID.44, ¶¶ 7–9.)

In his reply, Defendant focuses his argument on his belief that the application for the wiretap was deficient. With respect to the prejudice prong of *Kimmelman*, Defendant must "how that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "The test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Here, Defendant has failed to convince this Court. Other than his self-serving conclusory statement that he would have proceeded to trial, Defendant offers no evidence to

demonstrate that a decision to reject the plea offer would have been rational. Notably, Defendant offers no evidence to counter attorney Hollingsworth's statement that Defendant himself wanted to forego pursuing a suppression motion and instead wanted to take advantage of the plea offer. Even if a suppression motion had been successful, as attorney Hollingsworth notes, at least one of Defendant's co-defendants had agreed to testify against Defendant should he proceed to trial. Moreover, as discussed *supra*, Defendant's plea was freely and voluntarily entered, and counsel was not ineffective with respect to her advice regarding the plea process. Defendant, therefore, is not entitled to relief with respect to ground I.

### 2.    Ground II

As his second ground for relief, Defendant faults counsel for not filing a motion for reconsideration and/or objection to the Magistrate Judge's order granting the government's motion for an extension of time to indict and for not filing a motion to dismiss the criminal complaint. (§ 2255 Mot., ECF No. 1, PageID.6–7.)

Defendant was arrested pursuant to the Criminal Complaint on August 3, 2021. He appeared before Magistrate Judge Green for a preliminary hearing on August 6, 2021. On August 9, 2021, Magistrate Judge Green entered an order binding over Defendant for proceedings before the grand jury. *See* Order, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 54). Under 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *See* 18 U.S.C. § 3161(b). That 30-day period would have expired on September 6, 2021.

On August 11, 2021, the government filed a "motion for an ends of justice continuance of time to return Indictment pursuant to 18 U.S.C. § 3161(h)." *See* Mot., *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 59). The government sought a 35-day extension, or

18

until October 7, 2021, "due to the complex nature of this case." *Id.* (ECF No. 59, PageID.35). In the motion, the government noted that Defendant objected to the request. *Id.* (ECF No. 59, PageID.40). Magistrate Judge Green held a hearing on the motion on August 12, 2021. In an order entered on August 17, 2021, Magistrate Judge Green granted the motion for an extension of time. *See* Order, *id.* (ECF No. 75). Magistrate Judge Green indicated that the government had until October 7, 2021, to obtain an indictment. *Id.* (ECF No. 75, PageID.54). He also noted that "[a]ll days in excess of thirty since the first arrests of defendants, on August 3, 2021, are excluded pursuant to 18 U.S.C. § 3161(h)(7)(A)." *Id.* The grand jury returned the Indictment on September 22, 2021. *See* Indictment, *id.* (ECF No. 98).

In her affidavit, attorney Hollingsworth explains that she made "the determination that an appeal to the district court judge was not worth the time and resources under the circumstances considering the best outcome would not prevent an indictment, rather it would only mean that the government would have to indict sooner than it wanted to." (ECF No. 9, PageID.44, ¶ 10.) Attorney Hollingsworth concluded that "it was more advantageous to spend the time investigating the merits of the case." (*Id.*)

Here, Defendant fails to demonstrate any prejudice from attorney Hollingsworth's strategic decision. First, with respect to a motion for reconsideration, this Court's Local Rules provide that a party must "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." *See* W.D. Mich. L. Crim. R. 47.3(a). A defect "is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest." *Witherspoon v. Howes*, No. 1:07-cv-981, 2008 WL 4155350, at *1 (W.D. Mich. Sep. 5, 2008) (citing *Compuware Corp. v. Serena Software Int'l, Inc.*, 77 F. Supp. 2d 816, 819 (E.D. Mich. 1999)). Defendant simply fails to demonstrate that

a motion for reconsideration would have been successful. Likewise, he fails to demonstrate that any objection to the order, which would have been considered by the undersigned, would have been successful as well.

Similarly, any motion to dismiss premised upon a violation of the Speedy Trial Act would not have been successful. Magistrate Judge Green explicitly excluded any days in excess of 30 from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7)(A). That provision provides that the following period of delay is excluded from "computing the time within which an information or an indictment must be filed":

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Because those excess days were excluded, the 30-day rule set forth in 18 U.S.C. § 3161(b) was not violated. Moreover, Defendant fails to demonstrate that any motion to dismiss filed by attorney Hollingsworth would have resulted in dismissal of the criminal case with prejudice. *See United States v. Jackson*, 22 F. App'x 396, 398 (6th Cir. 2001) (concluding that defendant was not entitled to dismissal of indictment based on ineffective assistance of counsel where defendant failed to show Speedy Trial Act violation would have resulted in dismissal with prejudice).

Furthermore, any suggestion by attorney Hollingsworth that the extension of time to indict violated Defendant's Sixth Amendment speedy trial rights would have been meritless. The Supreme Court has set forth a four-factor test for determining whether the constitutional speedy

20

trial right has been violated. A court must "consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The Sixth Amendment's speedy trial right "usually attaches when the defendant is arrested or indicted, whichever is earlier." *Id.* at 712–13. As noted above, Defendant was arrested on August 3, 2021. "The first factor, length of the delay, is a triggering mechanism." *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). "A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *Brown*, 845 F.3d at 714. Here, only about 10 ½ months passed between Defendant's arrest and when he entered his guilty plea. That length of time, accordingly, is not presumptively prejudicial. Moreover, Defendant fails to demonstrate, and the Court fails to discern, how the short extension of time granted to the government to indict prejudiced him in any way.

In sum, Defendant has not demonstrated that attorney Hollingsworth was ineffective for not challenging the extension of time to indict in the ways Defendant suggests she should have. Accordingly, Defendant is not entitled to relief with respect to ground II.

### D.    Ground V—Ineffective Assistance at Sentencing

As his fifth and final ground for relief, Defendant contends that attorney Hollingsworth rendered ineffective assistance at sentencing in five different ways. In her affidavit, attorney Hollingsworth states that "there was no basis in law or fact for me to make the objections identified there." (ECF No. 9, PageID.45, ¶ 13.) The Court considers each assertion of ineffective assistance of counsel at sentencing below.

21

1.    **Ground V(a)—Failing to Object to Purity of Methamphetamine**

Defendant first faults attorney Hollingsworth for not objecting to the purity of the methamphetamine set forth in his Presentence Investigation Report (PSR). (§ 2255 Mot., ECF No. 1, PageID.14.) In his reply, Defendant argues "that a confirmed Laboratory Report is required to support 'relevant conduct' to enhance his federal sentence . . . as pure methamphetamine." (ECF No. 14, PageID.99.) In support of his assertion, Defendant cites the Seventh Circuit's decisions in *United States v. Carnell*, 927 F.3d 932 (7th Cir. 2020), and *United States v. Castaneda*, 906 F.3d 691 (7th Cir. 2018). In *Carnell*, the Seventh Circuit held that "circumstantial evidence by users, dealers[,] and law enforcement that a drug appears to be ice based on look, smell, effect, nomenclature or the like will not suffice to meet the government's burden, by a preponderance of the evidence, that a drug is at least 80% pure methamphetamine." 927 F.3d at 945. In *Castaneda*, the Seventh Circuit concluded that the district court did not err by sentencing Castaneda "based on his handling of a smaller quantity of 'Ice,' or especially pure (at least 80%) methamphetamine." 906 F.3d at 692.

As an initial matter, both *Carnell* and *Castaneda* are out-of-circuit decisions that are not binding upon this Court. Nevertheless, Defendant's PSR explicitly notes that "due to the varying levels of purity in the seized methamphetamine, when laboratory results were not available, the methamphetamine was treated as methamphetamine mixture." *See* PSR, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 314, PageID.1750). Thus, the methamphetamine attributed to Defendant was only classified as pure methamphetamine for purposes of sentencing when DEA laboratory testing confirmed the purity. Accordingly, attorney Hollingsworth was not ineffective for failing to raise a futile objection regarding the purity of the methamphetamine. Defendant, therefore, is not entitled to relief with respect to ground V(a).

### 2.    Ground V(b)—Failing to Object to Court's Application of Amendment 790

Next, Defendant faults counsel for not objecting to the Court "employing the proper application of Amendment 790 . . . which requires the Court to make an individualized finding[] on the record concerning the scope of criminal activity each particular defendant agreed to jointly undertake." (§ 2255 Mot., ECF No. 1, PageID.14.) The Probation Officer who prepared Defendant's PSR assessed a four-level enhancement pursuant to § 3B1.1(a) because Defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *See* PSR, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 314, PageID.1755). The PSR noted further that as leader of the conspiracy, Defendant was "responsible for all of the controlled substances involved in this conspiracy." *Id.* (ECF No. 314, PageID.1751). Thus, Defendant was held responsible for "a total converted drug weight of 147,595 kilograms." *Id.*

Defendant cites *United States v. McReynolds*, 964 F.3d 555 (6th Cir. 2020), in support of his argument. In *McReynolds*, the Sixth Circuit held that "in order to hold a defendant accountable for the acts of others [under § 1B1.3(a)(1)(B)], a district court must make two particularized findings: (1) that the acts were within the scope of the defendant's agreement; and (2) that they were foreseeable to the defendant." *McReynolds*, 964 F.3d at 563 (quoting *United States v. Campbell*, 279 F.3d 392, 399–400 (6th Cir. 2002)). *McReynolds* was decided after the Sentencing Commission issued Amendment 790, which went into effect on November 1, 2015. *See United States v. Barona-Bravo*, 685 F. App'x 761, 779 (11th Cir. 2017). "Amendment 790 'restructure[d] the guideline and its commentary to set out more clearly the three-step analysis the court applies in determining whether a defendant is accountable for the conduct of others in a jointly undertaken

criminal activity under § 1B1.3(a)(1)(B).'" *Id.* (quoting U.S.S.G. Suppl. to App. C, Amend. 790, Reason for Amendment).

A review of the sentencing transcript indicates that the Court did not place on the record particularized findings with respect to § 1B1.3(a)(1)(B), presumably because attorney Hollingsworth did not file any objection on that basis. However, Defendant fails to demonstrate any prejudice from attorney Hollingsworth's failure to raise an objection pursuant to *McReynolds*. Defendant has not presented any evidence refuting the conclusion that he was the leader of the drug trafficking organization and the conclusion that he be held responsible for all of the controlled substances involved. He simply fails to demonstrate that had attorney Hollingsworth raised this objection, the Court would have sentenced him to anything lower than 276 months. Defendant, therefore, is not entitled to relief with respect to ground V(b).

### 3. Ground V(c)—Failing to Request Reduction Due to COVID-19 Pandemic

Next, Defendant faults attorney Hollingsworth for not arguing that Defendant "should receive a one-year reduction due to the harsh pre-trial incarceration through the COVID-19 pandemic." (§ 2255 Mot., ECF No. 1, PageID.15.) In his reply, Defendant cites several cases in which courts downward departed from the Guidelines in part due to conditions of confinement during the COVID-19 pandemic. (ECF No. 14, PageID.100–101.) Defendant, however, fails to describe the conditions he faced during his pretrial detention. Moreover, at sentencing, the Court noted that it would "depart downward from a sentence which would result in a five level downward variance from the advisory guidelines." *See* Sentencing Tr., *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 404, PageID.2566). Defendant fails to demonstrate any prejudice from attorney Hollingsworth's failure to request a further reduction based upon the COVID-19

pandemic, as he fails to demonstrate that the Court would have departed any further on that basis. Defendant, therefore, is not entitled to relief with respect to ground V(c).

### 4.    Ground V(d)—Failing to Raise Unwarranted Sentencing Disparity

Fourth, Defendant argues that attorney Hollingsworth should have raised a claim regarding "unwarranted sentencing disparity among co-defendants in violation of 18 U.S.C. [§] 3553(a)(6)." (§ 2255 Mot., ECF No. 1, PageID.15.) In his reply, Defendant mentions that three of his co-defendants were also sentenced to 276 months. (ECF No. 14, PageID.101.) He further mentions that co-defendant Demetrus Heard received 121 months, Jeffrey Humphrey received 180 months "with a Section 924(c) conviction," Marquise Brooks received 96 months, Arnon Lake received 181 months "with a Section 924(c) conviction," and Maguel Villanueva received 151 months." (*Id.*, PageID.101–102.) According to Defendant, those sentences indicate "a vast disparity in sentencing among co-defendants." (*Id.*, PageID.102.)

One of the factors that a district court must consider when imposing sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Contrary to Defendant's assertion, attorney Hollingsworth did raise arguments concerning sentencing disparities during Defendant's sentencing hearing. For example, attorney Hollingsworth referred to a law review article written by Judge Torruella, who served on the First Circuit, regarding "some of the racial disparities that have come with these strict drug sentences." *See* Sentencing Tr., *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 404, PageID.2551). Attorney Hollingsworth argued that 15 years would be an appropriate sentence, noting that a 15-year sentence would be "more time than any other of Mr. Humphrey's co-defendants have been sentenced in this case." *Id.* (ECF No. 404, PageID.2553–2554). Attorney Hollingsworth went on to state:

> So far in this case, Mr. Villanueva has been sentenced and Mr. Jeffrey Humphrey has been sentenced on the conspiracy charge. And on Mr. Villanueva, I believe, was sentenced at just over 12 years, maybe 12 and a half years, Mr. Humphrey was sentenced to 10 years, and so a sentence of 15 years is higher by five years from Mr. Humphrey and three years for Mr. Villanueva.

*Id.* (ECF No. 404, PageID.2554). The Court then asked if either of those individuals had "organizer, leader enhancements," and the government responded that they did not. *Id.* Attorney Hollingsworth then went on to note:

> And that's why—that reflects the differences, but both of those gentlemen have other things that impacted their sentences that reflected their—put their guidelines where they were. And I would also note, which is probably none of my business, but those sentences were started—they were started at a range that was too high for this Court as it relates to real assessment of the seriousness of this offense as this country has determined what serious offenses are.

*Id.* (ECF No. 404, PageID.2554–2555).

Thus, contrary to Defendant's assertion, attorney Hollingsworth raised a sentencing disparity argument by explicitly referring to the co-defendants who had already been sentenced as of the date of Defendant's sentencing hearing. To the extent Defendant faults attorney Hollingsworth for not raising a similar argument on appeal with respect to the sentences received by other co-defendants, he cannot demonstrate prejudice, as such an argument does not fall within any of the four exceptions to his waiver of appellate and collateral attack rights. *See* Plea Agreement, *id.* (ECF No. 251). Defendant, therefore, is not entitled to relief with respect to ground V(d).

### 5.    Ground V(e)—Failing to Object to Two-Level Firearm Enhancement

The Probation Officer who prepared PSR assessed a two-level offense level increase pursuant to U.S.S.G. § 2D1.1(b)(1) because Defendant possessed a firearm in connection with the offense. *See* PSR, *United States v. Humphrey*, No. 1:21-cr-169-3 (W.D. Mich.) (ECF No. 314, PageID.1755). Defendant now contends that attorney Hollingsworth should have objected to this

enhancement as unconstitutional because it "infringes on [Defendant's] fundamental right to bear arms in self-defense." (§ 2255 Mot., ECF No. 1, PageID.15.) In support of his argument, Defendant cites the Supreme Court's recent decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022).

In 2008, the Supreme Court held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Court, however, cautioned that "the right secured by the Second Amendment is not unlimited." *Id.* The *Heller* Court explicitly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* In 2010, the Court affirmed that statement. *See McDonald v. Chicago*, 561 U.S. 742, 786 (2010). Specifically, a plurality of the Court stated: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'" *Id.* at 786 (quoting *Heller*, 554 U.S. at 626). After *Heller* and *Chicago*, the United States Court of Appeals for the Sixth Circuit "repeatedly found that 'prohibitions on felon possession of firearms do not violate the Second Amendment.'" *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *2 (6th Cir. Mar. 7, 2022).

Shortly after *Goolsby*, the Supreme Court decided *Bruen*. In *Bruen*, the Court held that "consistent with *Heller* and *McDonald*, . . . the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 597 U.S. at 10. The Court concluded that New York's licensing scheme for issuing public-carry licenses for self-defense violated the Constitution because licenses issued "only when an applicant demonstrates a special need for self-defense." *Id.* at 11. In so concluding, the Court stated:

In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 17. The government "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. That burden requires the government to point to "'historical precedent' from before, during, and even after the founding [that] evinces a comparable tradition of regulation." *Id.* at 27.

The *Bruen* Court, however, did reiterate that "the right secured by the Second Amendment is not unlimited." *Id.* at 21 (quoting *Heller*, 554 U.S. at 626). In concurrences, Chief Justice Roberts and Justices Alito and Kavanaugh specifically noted that the Court's holding in *Bruen* "decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun." *See id.* at 72 (Alito, J., concurring), *see also id.* at 81 (Kavanaugh, J., concurring). The dissenting justices—Justices Breyer, Kagan, and Sotomayor—also understood the *Bruen* majority's opinion "to cast no doubt" on *Heller*'s treatment of laws prohibiting the possession of firearms by felons. *See id.* at 129 (Breyer, J., dissenting).

For the enhancement under § 2D1.1(b)(1) to apply "the government must show by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense." *United States v. Burgess*, Nos. 22-1110/22-1112, 2023 WL 179886, at *3 (6th Cir. Jan. 13, 2023) (quotation and internal quotation marks omitted). Defendant's argument that the § 2D1.1(b)(1) enhancement is unconstitutional after *Bruen* is foreclosed by the Sixth Circuit's decision in *Burgess*. In *Burgess*, the Sixth Circuit explicitly held that such an enhancement is constitutional post-*Bruen*. *See id.*

at *5. Notably, previous Sixth Circuit precedent had upheld an enhancement under § 2D1.1(b)(1) as "consistent with the historical understanding of the right to keep and bear arms, which did not extend to possession of weapons for unlawful purposes." *United States v. Greeno*, 679 F.3d 510, 520 (6th Cir. 2012), *abrogated in part by Bruen*, 597 U.S. 1 (2022).

Any challenge to the § 2D1.1(b)(1) enhancement by attorney Hollingsworth premised upon *Bruen* would have been wholly meritless. Counsel is "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (noting that "[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial"). Accordingly, Defendant is not entitled to relief with respect to ground V(e).

In sum, Defendant has failed to demonstrate that his plea was unknowing and involuntary. Moreover, Defendant has not demonstrated that counsel rendered ineffective assistance in the ways he argues. Defendant, therefore, is not entitled to relief on his § 2255 motion. Furthermore, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing.

## V.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## VI.    Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time to file a § 2255 brief (ECF No. 2) is **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that Defendant's motion for discovery (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:  December 5, 2024                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge